NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| S.T., | : |
| Plaintiff, | : |
| v. | : Civil No. 21-12473 (RBK) |
| COMMISSIONER OF SOCIAL SECURITY, | : **OPINION** |
| Defendant. | : |

**KUGLER**, United States District Judge:

This matter comes before the Court upon Plaintiff S.T.'s Appeal (Doc. No. 1) from the final decision of the Commissioner of the Social Security Administration denying his application for Social Security Disability benefits. Plaintiff contends that the Administrative Law Judge ("ALJ") failed to consider Plaintiff's subjective complaints and failed to properly evaluate a treating physician's medical opinion. For the reasons set forth below, the Commissioner's decision is **AFFIRMED.**

### I. PROCEDURAL HISTORY

Plaintiff protectively filed an application for disability insurance benefits and supplemental security income on December 18, 2017 and February 12, 2019, respectively. (R. 175-75, 191-96). He alleged disability beginning June 15, 2017, due to type 2 diabetes and arthritis. (R. 174, 200). His claim was denied initially and on reconsideration. (R. 98-102, 104-06). Plaintiff then requested a hearing before an ALJ, which took place on September 6, 2019. (R. 28-73, 107). Plaintiff was represented by counsel and testified, along with a vocational

expert. (R. 28-73). On March 9, 2020, the ALJ issued an unfavorable decision. (R. 12-23). The ALJ found that Plaintiff had the following severe impairments: diabetes mellitus type II, cardiomyopathy, degenerative changes of the lumbar spine, hypertension, and chronic changes of the right shoulder (20 CFR §§ 404.1520(c), 416.920(c)). (R. 15). The ALJ then found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the relevant listed impairments (20 CFR §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926). (*Id.*).

The ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform light work as defined in 20 CFR §§ 404.1567(b) and 416.967(b). Per the RFC, Plaintiff "can frequently reach overhead to his left and to his right. For all other reaching, he can reach frequently to his left and to his right. He can occasionally climb ramps and stairs. He cannot climb ladders, ropes, or scaffolds. He can occasionally balance, stoop, kneel, crouch, and crawl. He cannot work at unprotected heights or around moving mechanical parts." (R. 15-16).

Considering Plaintiff's age, education, work experience and residual functional capacity, the ALJ identified jobs that exist in significant numbers in the national economy that the Plaintiff could perform. (R. 22). These were: small parts assembler DOT 706.684-022 with 196,500 jobs available nationally, electronics worker DOT 276.687-010 with 29,900 jobs available nationally, and laundry folder DOT 369.687-018 with 445,300 jobs available nationally. (R. 25-26).

Thereafter, Plaintiff filed a Request for Review of Hearing Decision with the Appeals Council, and the Appeals Council declined to review the ALJ's decision. (R. 1-6). The ALJ's decision, dated March 9, 2020, became the final decision of the Commissioner when the Appeals Council denied the Plaintiff's Request for Review. Plaintiff then commenced the present action, requesting judicial review pursuant to 42 U.S.C. § 405(g). (Doc. No. 1).

## II. LEGAL STANDARD

### a. Sequential Evaluation Process

In order to receive benefits under the Social Security Act, the Plaintiff must be disabled within the meaning of the Act. The Commissioner applies a five-step evaluation process to make this determination. *See* 20 C.F.R. § 404.1520.

For the first four steps of the evaluation process, the Plaintiff has the burden of establishing his disability by a preponderance of the evidence. *Zirnsak v. Colvin*, 777 F.3d 607, 611–12 (3d Cir. 2014). First, the Plaintiff must show that he was not engaged in "substantial gainful activity" for the relevant time period. 20 C.F.R. § 404.1572. Second, the Plaintiff must demonstrate that he has a "severe medically determinable physical and mental impairment" that lasted for a continuous period of at least twelve months. 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1509. Third, either the Plaintiff shows that his condition was one of the Commissioner's listed impairments, and is therefore disabled and entitled to benefits, or the analysis proceeds to step four. 20 C.F.R. § 404.1420(a)(4)(iii). Fourth, if the condition is not equivalent to a listed impairment, the ALJ must assess the Plaintiff's residual functional capacity ("RFC"), and the Plaintiff must show that he cannot perform his past work. 20 C.F.R. § 404.1520(a)(4)(iv); 20 C.F.R. § 404.1520(e). If the Plaintiff meets his burden, the burden shifts to the Commissioner for the last step. *Zirnsak*, 777 F.3d at 612. At the fifth and last step, the Commissioner must establish that other available work exists that the Plaintiff can perform based on his RFC, age, education, and work experience. 20 C.F.R. § 404.1520 (a)(4)(v); *Zirnsak*, 777 F.3d at 612. If the Plaintiff can make "an adjustment to other work," he is not disabled. 20 C.F.R. § 404.1520(a)(4)(v).

### b. Review of the Commissioner's Decision

This Court reviews the ALJ's application of the law under a de novo standard and the ALJ's factual findings under a substantial evidence standard. *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 91 (3d Cir. 2007) (citing 42 U.S.C. § 405(g); *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992); and *Monsour Med. CR. v. Heckler*, 806 F.2d 1185, 1191 (3d Cir. 1986)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Morales v. Apfel*, 225 F.3d 310, 316 (3d Cir. 2000). Substantial evidence is "more than a mere scintilla but may be somewhat less than a preponderance of the evidence." *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005). Courts may not set aside the Commissioner's decision if it is supported by substantial evidence, even if this Court "would have decided the factual inquiry differently." *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001).

To allow for meaningful judicial review, the ALJ is required to set out a specific factual basis for each finding. *Baerga v. Richardson*, 500 F.2d 309, 312-12 (3d Cir. 1974). The ALJ may choose which evidence to credit but must consider all of the evidence and give reason for rejecting or discrediting competent evidence. *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999). A single piece of evidence cannot satisfy the "substantial evidence" standard if the ALJ ignores, or fails to resolve, a conflict created by countervailing evidence. *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (citing *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983); *Gilliland v. Heckler*, 786 F.2d 178, 183 (3d Cir. 1986)); *see also Schaudeck v. Commissioner*, 181 F.3d 429, 435 (3d Cir. 1999).

### III. DISCUSSION

Plaintiff argues that the ALJ failed to (1) sufficiently consider Plaintiff's subjective complaints and (2) properly evaluate Dr. Utreras' opinion.

*Plaintiff's subjective complaints*

The ALJ found that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." (R. 18). Plaintiff argues that this language is boilerplate, violating C.F.R. § 404.1529 as clarified in SSR No. 96-7p and meriting remand. Plaintiff argues that the ALJ merely listed the medical evidence without providing any rationale for why the severity of Plaintiff's symptoms are less than what he says they are.

C.F.R. § 404.1529 provides, in relevant part,

> We will consider your statements about the intensity, persistence, and limiting effects of your symptoms, and we will evaluate your statements in relation to the objective medical evidence and other evidence, in reaching a conclusion as to whether you are disabled. We will consider whether there are any inconsistencies in the evidence and the extent to which there are any conflicts between your statements and the rest of the evidence, including your history, the signs and laboratory findings, and statements by your treating or nontreating source or other persons about how your symptoms affect you. Your symptoms, including pain, will be determined to diminish your capacity for basic work activities to the extent that your alleged functional limitations and restrictions due to symptoms, such as pain, can reasonably be accepted as consistent with the objective medical evidence and other evidence.

20 C.F.R. § 404.1529(c)(4).

SSR No. 96-7p instructs, in relevant part,

> whenever the individual's statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the

5

> adjudicator must make a finding on the credibility of the individual's statements based on a consideration of the entire case record. This includes the medical signs and laboratory findings, the individual's own statements about the symptoms, any statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual, and any other relevant evidence in the case record.

SSR No. 96-7p, 1996 SSR LEXIS 4.

Here, the ALJ described in detail Plaintiff's subjective complaints, including depression, dizziness, poor vision, tingling feet, shoulder pain, chest pain, finger stiffness, and problems lifting, gripping, reaching, and walking up stairs. (R. 17-18). The ALJ then identified evidence in the record suggesting that Plaintiff's symptoms are not as severe as he says they are. The ALJ noted several physical examinations with normal results, as well as emergency room visits with normal examination results and no follow-up. (R. 18-19). Plaintiff himself reported no pain at a physical examination in 2019. (R. 19). These are specific reasons for the ALJ's determination.

Furthermore, as the ALJ pointed out, Plaintiff was noncompliant with diabetes treatment, and he failed to timely obtain prescriptions and blood testing. (R. 18-19). Plaintiff has not pursued mental health treatment despite having referrals. (R. 17). Failure to follow prescribed treatment that might improve symptoms suggests that Plaintiff overstated the severity of his symptoms. *See* SSR 16-3p, 2016 SSR LEXIS 4. The ALJ's handling of Plaintiff's subjective complaints is not remandable error.

*Dr. Utreras' opinion*

The ALJ found Dr. Utreras' opinions "overstated and unpersuasive." (R. 20). Plaintiff says this determination was unexplained, without citations to the record elsewhere, and based on cherry-picked evidence.

The ALJ discussed the opinions of Dr. Utreras at length:

6

> On January 15, 2019, Dr. Utreras requested a home health aide for [Plaintiff] because as Dr. Utreras saw things, [Plaintiff] had heart failure and cognitive limitations." (Exhibit 8F/249). [Plaintiff] appears to report illiteracy at this time. (Exhibit 4F/1; Exhibit 8F/243). Dr. Utreras performed a physical examination that produced normal results. (Exhibit 8F/251-252).
> . . . .
> On February 19, 2019, Dr. Utreras noted diabetes "almost controlled" and blood pressure "controlled." He reported that a physical examination produced normal results. (Exhibit 8F/300). On May 20, 2019, Dr. Utreras noted, "DM is now controlled. BP is now controlled." Dr. Utreras performed a physical examination and reported that it produced normal results. (Exhibit 8F/312, 317, 320).
> . . . .
> On May 29, 2019, [Plaintiff] presented to have disability paperwork completed and reported a pain score of "0 – No pain." (Exhibit 8F/335). Dr. Utreras's physical examination did not identify any significant abnormalities or deficits, except that Dr. Utreras noted that [Plaintiff] had difficulty walking due to neuropathy." (Exhibit 8F/337). Dr. Utreras additionally noted, "BP is controlled," uncontrolled Type 2 diabetes mellitus without complication, "he has CHF and is illiterate both conditions impose a burden to work." (Exhibit 8F/337). Yet, Dr. Utreras described [Plaintiff's] cardiac issues as compensated. (Exhibit 8F/338).
> . . . .
> On May 29, 2019, Dr. Utreras opined that [Plaintiff] had problems so significant that those problems would cause him to be "off-task" more than 25% of the day. Dr. Utreras also opined that [Plaintiff] would miss work as frequently as four (4) times per month. (Exhibit 7F). I found those conclusions inconsistent with the results of physical examination conducted by Dr. Utreras. (Exhibit 7F).
>
> On June 23, 2019, Dr. Utreras offered a second opinion, reducing lifting and carrying to 10 pounds occasionally, increasing sitting to five hours per day, removing the need for use of a cane, removing all manipulative limitations except for right overhead reaching and reaching all other directions, and pushing/pulling. (Exhibit 9F). Dr. Utreras did not explain why he changed his opinion so much in less than a month. (Exhibit 7F; Exhibit 9F). I found both opinions overstated and unpersuasive as I found them inconsistent with record evidence.

(R. 19-20).

The ALJ was not required to discuss every medical opinion from a given medical source; rather, the discussion was appropriately "source-level," addressing whether a medical opinion is persuasive, with supportability and consistency being the most important factors. 20 C.F.R. §§ 404.1520c(b)(1)-(2), 416.920c(b)(1)-(2).

The ALJ explained that Dr. Utreras' physical exam findings were benign, leading to the ALJ's conclusion that Dr. Utreras' medical opinions requiring Plaintiff to miss work frequently were not consistent with the physical exams. (R. 19-20). Regarding supportability, the ALJ noted that Dr. Utreras' unexplained change in recommended physical limitations further undermines the persuasiveness of the opinions. (R. 20). Indeed, Dr. Utreras provided no support for the proposed limitations beyond reporting the applicable diagnosis. (R. 517-20, 871-74). The ALJ's reasoning is apparent from his findings as stated: Dr. Utreras' medical opinions were inconsistent with each other, lacking in explanation, and contradicted by the normal physical exams.

### IV.    CONCLUSION

For the reasons stated above, this Court will **AFFIRM** the Commissioner's decision. An order follows.

Dated: August 25, 2022              /s/ Robert B. Kugler
                                    ROBERT B. KUGLER
                                    United States District Judge